GLORIA J. ROSENCRANZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rosencranz v. Commissioner
Docket No. 27861-91
United States Tax Court
T.C. Memo 1994-75; 1994 Tax Ct. Memo LEXIS 76; 67 T.C.M. (CCH) 2241; February 24, 1994, Filed *76 Decision will be entered for respondent in the amount of the recomputed deficiency and additions to tax. Gloria J. Rosencranz, pro se. For respondent: Sandra M. Jefferson. COHEN
COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined a deficiency of $ 9,559 in petitioner's Federal income taxes for 1988 and additions to tax of $ 583 under section 6651(a) and $ 477.95 under section 6653(a)(1). The parties have now agreed that petitioner's correct liability for Federal income taxes for 1988 is $ 3,967, that she is not liable for an addition to tax under section 6651(a), and that she is liable for an addition to tax under section 6653(a)(1) in the amount of $ 198. The issue for decision is whether petitioner is entitled to a refund or credit of excess withholding in the amount of $ 3,259. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. Background
All of the facts have been stipulated, and the stipulated facts are incorporated as our findings by this reference. Petitioner resided in Millersville, Maryland, at the time that she filed her petition. Petitioner's Federal income tax for 1988 was due on *77 April 15, 1989. She did not file a timely return. Respondent determined that petitioner had unreported income and, on August 28, 1991, sent a statutory notice to petitioner. Petitioner filed her petition on December 2, 1991. The petition admitted that petitioner had not filed her return for 1988, alleged that she had sufficient deductions to reduce substantially or eliminate any taxable income, and indicated that she had retained an accountant to prepare her return. On or about April 15, 1992, she mailed her 1988 return to the Philadelphia Service Center. The return was received by the Service Center on April 22, 1992. After petitioner's late-filed return was audited, respondent's agents recomputed the deficiency. The parties agreed that petitioner's credit for income taxes withheld from her wages during 1988 exceeded her liability for income tax and additions to tax by $ 3,259. Discussion
The taxes withheld from petitioner's wages during 1988 were deemed paid on April 15, 1989, the due date of her return for that year. Sec. 6513(b)(1). Her return for 1988 was not filed until April 22, 1992. Section 6511 provides the general statute of limitations for credits or refunds. *78 Section 6511 provides in pertinent part: (a) Period of Limitation on Filing Claim. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 3 years from the time the tax was paid. (b) Limitation on Allowance of Credits or Refunds. -- (1) Filing of claim within prescribed period. -- No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund unless a claim for credit or refund is filed by the taxpayer within such period.
Under sections 6511(b)(2)(B) and 6512(b)(3)(B), if no return or claim for refund was filed by the taxpayer on or before the date of mailing of the deficiency notice, no refund may be granted for tax deemed paid more than 2 years before that date. For this purpose, petitioner's late-filed return does not extend the period to 3 years. . *79 Section 6512 provides rules for credits or refunds in the case of a petition to this Court. Section 6512(b)(1) states that the Court may determine an overpayment, which shall be credited or refunded, "Except as provided by paragraph (3)". Under section 6512(b)(3)(B), a claim is deemed made as of the date of the mailing of the notice of deficiency if no claim was made before that date. Thus, in this case, the earliest date a claim could be considered made was August 28, 1991, more than 2 years after the taxes were paid. Petitioner claimed a refund on her late-filed return. Petitioner apparently believed that her claim in her late-filed return was timely under a 3-year period of limitations. A return not mailed on or before the due date is filed only as of the date that it is received by the Internal Revenue Service. The "timely mailing equals timely filing" rule of section 7502(a) does not apply in these circumstances. , affd. . Thus, the return filed April 22, 1992, was not a timely claim even if a 3-year period of limitations applied. *80 In any event, the applicable period was only 2 years, not 3 years, because the mailing of the deficiency notice preceded the filing of the return. See . In this case, where the claim is deemed made as of the time of the notice of deficiency, no credit or refund may be allowed because the statutory notice was sent more than 2 years after the date that the taxes were paid. While this result may seem harsh to petitioner, it is an unfortunate consequence of her failure to file a timely return or to file a claim for refund of the withholding taxes paid within 2 years after they were paid. . Decision will be entered for respondent in the amount of the recomputed deficiency and additions to tax.